NYGAARD, Circuit Judge,
Concurring.
I agree with much of what Judge Staple-ton has written in his excellent opinion, and concur in its judgment. I write separately, however, first because I take a different view of the Supreme Court’s decision in Johnson v. Jones, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), and second to more fully explain my view of the test for affirmative acts under the “state-created danger” exception contained in DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 195, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989).
Judge Stapleton’s opinion interprets Johnson v. Jones to require that we accept the facts found by the District Court. With this, I fully agree. Having said that, I would not base our analysis upon a statement made by the District Court, in its discussion of the issues, that the police instructed Ms. Schieber’s neighbors “to do nothing but call 911” if they heard additional noise. See Opinion at p. 415. The problem is that this is not one of the facts specifically found by the District Court. Instead, in the “Facts” section of its opinion, the District Court found:
Neighbors, having been assured by the officers that Schieber was not home and told by the officers to call 911 again if they heard any other noises from the apartment, took no further action.
Schieber v. City of Phila., 156 F.Supp.2d 451, 455 (E.D.Pa.2001). It is only in the “Discussion” portion of the District Court’s opinion that it suggests, without fact find *424 ing to support it, that the officers decided to “instruct the neighbors to do nothing but call 911 if they heard additional noise.” Id. at 460.
The Supreme Court instructed us in Johnson v. Jones to “take, as given, the facts that the district court assumed when it denied summary judgment.” 515 U.S. at 319, 115 S.Ct. 2151. When, as here, the “Facts” found by the District Court are inconsistent with a statement it makes in its “Discussion,” I would base my analysis on the facts specifically found by the District Court.
When the District Court has not explicitly stated its facts, the Supreme Court instructs that we “may have to undertake a cumbersome review of the record to determine what facts the district court, in the light most favorable to the nonmoving party, likely assumed.” Id. Out of caution I reviewed the record and I found no evidence to support a statement that the officers told Ms. Schieber’s neighbors “to do nothing but call 911” if they heard additional noise. Indeed, Judge Stapleton and I agree that there was no testimony that the officers ever made such a statement. See Opinion at n. 2. Even the Schiebers themselves never attempted to support this allegation in their briefs or at oral argument. This further supports my reasoning that the relevant facts are those set out in the “Facts” portion of the District Court’s opinion. Consequently, my analysis follows a different path than does Judge Stapleton’s, although we both reach the same result.
It is well established under DeShaney that the state has no constitutional obligation to protect its citizens from each other. Because there is no constitutional requirement that the State provide protective or rescue services, “it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them.” DeShaney, 489 U.S. at. 196-97, 109 S.Ct. 998. Thus, our baseline for analysis is that the officers in this case cannot be held liable simply for failing to break down Ms. Schieber’s door.
Recognizing as much, the Schiebers have attempted to fit their claim within a narrow exception to the DeShaney rule known as the “state-created danger” exception. That exception only applies when the state has created a harm or renders someone more vulnerable to an existing harm. Id. at 201, 109 S.Ct. 998. Courts have found under this exception that the state may incur an affirmative duty to rescue if it deprives someone of private sources of rescue. See, e.g., Ross v. United States, 910 F.2d 1422 (7th Cir.1990) (finding a constitutional claim was stated where a deputy ordered civilian scuba divers to cease their rescue of a drowning boy, blocked them with his boat, and threatened to arrest them).
Judge Stapleton’s opinion applies the four-part state-created danger test we enunciated in Kneipp v. Tedder, 95 F.3d 1199 (3d Cir.1996). I do not disagree with its analysis as far as it goes. Nonetheless, in my view the test for liability must start with D.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364 (3d Cir.1992) (en banc), in which we emphasized that the state must have committed an affirmative act before it can be held constitutionally liable under the state-created danger exception. Sitting en banc in D.R., we noted that the genesis of the exception was the Supreme Court’s language in DeShaney that “[wjhile the State may have been aware of the dangers that Joshua faced in the free world, it played no part in their creation, nor did it do anything to render him any more vulnerable to them.” Id. at 1373 (quoting DeShaney, 489 U.S. at 201, 109 S.Ct. 998). We went *425 on to consider the development of the exception and observed that “[p]ost-DeSha-ney courts have tracked the quoted Supreme Court’s language by asking whether the state actors involved affirmatively acted to create plaintiffs danger, or to render him or her more vulnerable to it.” Id. (emphasis added). Finally, we concluded that “[liability under the state-created danger theory is predicated upon the states’ affirmative acts which work to plaintiffs’ detriments in terms of exposure to danger.” Id. at 1374 (emphasis added). Hence, the State can be liable only when it has committed an affirmative act, without which, we do not reach the Kneipp test. Because the District Court made no factual finding that there was an affirmative act by the State, i.e., the officers simply told neighbors to “call 911,” I would conclude that there can be no liability.
Finally, while there are thus significant differences in my analysis, I am in full agreement with Judge Stapleton that, assuming the officers had directed the neighbors “to do nothing but call 911,” their conduct still did not rise to the level necessary to establish a state-created danger claim under Kneipp.
For these reasons, I concur.